

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00186-CR

---

ANGELA L. POTEET, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 100th District Court
Childress County, Texas
Trial Court No. 6595, Honorable Dale A. Rabe, Jr., Presiding

---

December 17, 2024

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Angela Poteet appealed her felony conviction for possessing a controlled substance with intent to deliver and the resulting ten-year probated sentence. Her appointed counsel filed an *Anders*[1] brief, representing that no arguable appellate issues existed. So too did she move to withdraw. Finding at least one arguable issue, we grant the motion to withdraw and remand the cause for the appointment of new counsel.

---

[1] *See Anders v. California*, 386 U.S. 738, 744-45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

In her brief, appellate counsel discussed whether appellant's sentence was disproportionate to the gravity of the offense. No other matters were discussed, however.

Utilizing *Anders* "should be rare, given the plethora of actual issues normally involved. Indeed, if there were issues worth trying, there are probably issues worth appealing." *Davis v. State*, 683 S.W.3d 828, 830 (Tex. App.—Amarillo 2023) (order). An "issue is frivolous or lacking merit when it has no basis in law or fact and 'cannot conceivably persuade the court.'" *Id.* Moreover, appellate counsel's duty consists of urging the arguable, irrespective of the likelihood of success. *Id.* With that in mind, our review of the record identified at least two arguable issues pertaining to the sufficiency of the evidence illustrating the requisite mens rea regarding possession and delivery of the controlled substance. Consequently, we grant counsel's motion to withdraw, abate the proceeding, and remand the cause to the trial court.

On remand, the trial court shall, by written order, appoint new counsel to represent appellant on appeal. The name, address, email address, telephone number, and State Bar number of newly appointed counsel must be specified in the order. The trial court will then cause its order to be filed in a supplemental clerk's record with the clerk of this court no later than January 3, 2025.

The deadline by which newly appointed counsel must file an appellant's brief or other brief addressing the aforementioned issues and any other arguable issues he or she encounters is February 3, 2025, unless otherwise extended. Newly appointed counsel may also request the supplementation of the appellate record as needed. Such

supplementation, if any, must be requested by written motion filed with the clerk of this court before January 27, 2025.  It is so ordered.[2]

Per Curiam

Do not publish.

---

[2] We make no comment upon the ultimate viability of the issues mentioned but only conclude they necessitate development.